STATE of Wisconsin, Plaintiff-Respondent,

v.

Gordon HAMMER, Defendant-Appellant.†

Court of Appeals

*No. 96–3084–CR. Submitted on briefs November 4, 1997.—Decided December 23, 1997.*

(Also reported in 576 N.W.2d 285.)

†Petition to review denied.

216

On behalf of the defendant-appellant, the cause was submitted on the brief of *Charles W. Jones* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *David J. Becker*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

WEDEMEYER, P.J. Gordon Hammer appeals from a judgment entered after the jury convicted him of one count of aggravated burglary, as party to a crime, five counts of first-degree sexual assault, and one count of armed robbery, as party to a crime, contrary to §§ 943.10(2)(d), 939.05, 939.63, 940.225(1)(c), and 943.32(2), STATS. Hammer claims the trial court erroneously exercised its discretion in instructing the jury regarding the aggravated burglary. Because the trial court did not erroneously exercise its discretion when it instructed the jury, we affirm.

## I. BACKGROUND

On April 26 and 27, 1995, three women and a man were partying at 2515-B South Seventh Street. Three men broke into this residence, and beat the man and sexually assaulted the women. Hammer was charged with committing these crimes. A trial to a jury took place in March 1996. The trial court instructed the jury on the intent element of aggravated burglary as follows:

> The fourth element requires that the defendant entered the building with the intent to commit a felony. That is, that the defendant intended to commit a felony at the time he entered the building. A

first degree sexual assault is a felony, an armed robbery is a felony, a substantial battery causing substantial bodily harm to another without consent and with intent to cause bodily harm or substantial bodily harm is a felony. Substantial bodily harm includes bodily injury that causes a laceration requiring stitches.

. . . .

If you are satisfied beyond a reasonable doubt that the defendant intentionally entered a building, that the entry of the building by the defendant was without the consent of the person in lawful possession, that the defendant knew that he did not have such consent and that the defendant entered the building with the intent to commit a felony, you should find the defendant guilty.

The trial court declined Hammer's request to instruct the jury that the verdict had to be unanimous as to the felony that Hammer intended to commit when he entered the victims' dwelling. Hammer was convicted. Judgment was entered. Hammer now appeals.

## II. DISCUSSION

Hammer contends that the trial court erroneously exercised its discretion in charging the jury because it failed to require the jury to unanimously agree on one of the alternative felonies that Hammer intended to commit when he entered the victims' dwelling.[1] We reject his contention.

---

[1] Hammer also makes passing reference to another alleged instructional error: that the trial court never provided the jury with the definition of what constitutes a battery. The record belies this claim, and clearly indicates that such instruction was given. Therefore, we summarily reject Hammer's claim in this regard.

A trial court has wide discretion in deciding what instructions to give to a jury. *See State v. Lenarchick*, 74 Wis. 2d 425, 455, 247 N.W.2d 80, 96 (1976). If the instructions of the court adequately cover the law applicable to the facts, this court will not reverse the conviction. *See id.*

A defendant is entitled to unanimity with respect to the ultimate issue of guilt or innocence. *See Holland v. State*, 91 Wis. 2d 134, 143, 280 N.W.2d 288, 292–93 (1979). Unanimity, however, is not required "with respect to the alternative means or ways in which the crime can be committed." *Id.* The crime at issue here states: "Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony." Section 943.10(1), STATS.

In addressing Hammer's unanimity claim, we engage in a two-step process. We must first determine whether this statute creates only one offense with multiple modes of commission or, whether the statute creates multiple offenses defined by each distinct felony the defendant intended to commit. *See State v. Briggs*, 214 Wis. 2d 281, 289, 571 N.W.2d 881, 885 (Ct. App. 1997). Then, if the statute creates multiple offenses, the jury must be unanimous as to each crime. *See id.* If, however, we conclude the statute sets forth a single crime, with alternative modes of commission, unanimity is required only if the separate modes of commission are conceptually distinct.[2] *See id.*

---

[2] *But see Schad v. Arizona*, 501 U.S. 624, 635 (1991), where the United States Supreme Court criticizes the "conceptually

█ In resolving the first part of the test, we need to ascertain the legislature's intent. To do so, we look to four factors: (1) the language of the statute; (2) the legislative history and context of the statute; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishment for the conduct. *See Manson v. State*, 101 Wis. 2d 413, 422, 304 N.W.2d 729, 734 (1981).

█ The language of the statute indicates that the crime here is one single offense with multiple modes of commission. The pertinent language states that burglary is committed when an actor unlawfully enters a dwelling with an "intent to . . . commit a felony." The statute does not set forth any alternatives with respect to the intent element. The language indicates that the emphasis is on the fact that the defendant had the intent to commit a felony and it does not matter which felony formed the basis of that intent. There are different means of accomplishing this crime, but the different ways do not create separate and distinct offenses.

Hammer's reliance on the facts in *Manson* is misplaced. In *Manson*, our supreme court acknowledged the plausibility of Manson's argument that the robbery statute created two offenses, one marked by the "use of force," *see* § 943.32(1)(a), STATS., and the other by a "threat of imminent use of force" *see* § 943.32(1)(b), STATS., because they were set forth in separate sections. *See Manson*, 101 Wis. 2d at 422–23, 304 N.W.2d at 734. The instant case, however, is quite different. The burglary statute does not contain similar "separate

similar"—"conceptually distinct" requirement as being "too indeterminate."

sections." Rather, the crime is referred to in a single subsection, simply stating the intent element as "intent to . . . commit a felony." This reflects the legislature's intent to define one offense, whose intent element may be satisfied in different ways.

Because the statutory language is clear that the burglary statute here sets forth a single offense with alternative means of commission, we need not address the remaining three *Manson* factors. *See State v. Vinje*, 201 Wis. 2d 98, 101–02, 548 N.W.2d 118, 120 (Ct. App. 1996).

We next address whether the modes of commission were conceptually similar or conceptually distinct. This is a question of law that we review *de novo. See State v. Grayson*, 172 Wis. 2d 156, 160, 493 N.W.2d 23, 25 (1992). The trial court instructed the jury that they could find Hammer guilty on the intent element if they found beyond a reasonable doubt that Hammer unlawfully entered the dwelling with the intent to "commit a felony. . . . A first degree sexual assault is a felony, an armed robbery is a felony, a substantial battery causing substantial bodily harm to another without consent and with intent to cause bodily harm or substantial bodily harm is a felony." We conclude that the intent to commit each of these felonies is not conceptually distinct and, therefore, a unanimity instruction on this point was not required.

In *State v. Giwosky*, 109 Wis. 2d 446, 458, 326 N.W.2d 232, 238 (1982), our supreme court concluded that the acts of throwing a log at the victim and beating the victim with his fists were not conceptually distinct and therefore a unanimity instruction was not required. Similarly, in *State v. D'Acquisto*, 124 Wis. 2d 758, 766–67, 370 N.W.2d 781, 786 (1985), our supreme court concluded that the two separate acts of striking

221

the victim with a radio and pounding the victim's head into the ground were conceptually similar so as not to require a unanimity instruction.

With this guidance regarding a somewhat indeterminate concept, we conclude that the modes of commission here are not conceptually distinct. It is clear from the statute that the legislature focused on the intent to commit a felony, not any particular felony. Therefore, all the felonies are conceptually similar for the purposes of unanimity because each and every felony provides the predicate intent element. There is no difference in penalty irrespective of which underlying felony or combination of felonies was intended. Rather, it is Hammer's single entry into the dwelling with the requisite intent that constitutes the crime.

Under these circumstances, Hammer was not entitled to a unanimity instruction regarding the felonies that formed the basis of his intent to enter the dwelling. The jury merely needed to conclude that Hammer unlawfully entered the dwelling with an intent to commit a felony. The trial court did not erroneously instruct the jury.

*By the Court.*—Judgment affirmed.