STATE of Wisconsin, Plaintiff-Respondent,

v.

Karl STEELE III, Defendant-Appellant.†

Court of Appeals

*No. 00–0190–CR. Submitted on briefs July 20, 2000.—Decided
January 11, 2001.*

2001 WI App 34

(Also reported in 625 N.W.2d 595.)

†Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Timothy J. Gaskell* of *Hanson & Gaskell*, Westby.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. DYKMAN, P.J. Earl Steele, III appeals from a judgment convicting him of armed burglary, in

violation of WIS. STAT. § 943.10(2)(a) (1997–98),[1] and an order denying his motion to withdraw his guilty pea. He asserts that, due to an inadequate plea colloquy, he did not understand which specific felony the State alleged that he intended to commit after entering a dwelling. Steele also contends that because the crime of "felon in possession of a firearm" is (1) a crime he was already committing when he entered a dwelling and (2) not a crime against persons or property, it cannot be the underlying felony supporting the burglary charge. Because we conclude that the plea colloquy did not need to specify the offense underlying the burglary charge, the plea colloquy was constitutionally adequate. Because we also conclude that a continuing crime meets the "intent to commit a felony" element of burglary, and that "felon in possession of a firearm" is a crime against persons or property, we conclude that Steele's plea was valid. We therefore affirm.

## BACKGROUND

¶ 2. Steele was originally charged with armed burglary, mistreatment of an animal resulting in the animal's death, and felon in possession of a firearm.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted. WISCONSIN STAT. § 943.10 states in relevant part:

(1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:

(a) Any building or dwelling;

. . . .

(2) Whoever violates sub. (1) under any of the following circumstance is guilty of a Class B felony:

(a) While armed with a dangerous weapon or a device or container described under s. 941.26(4)(a).

These charges stemmed from Steele's possession of a shotgun while entering Robert Crane's residence without Crane's consent. Before entering Crane's residence, Steele told Craig Harbour that he was "going to make this asshole leave her [Lori Crane] alone," referring to Crane. While in Crane's residence, Steele shot and killed Crane's dog. These facts are not in dispute.

¶ 3. Steele agreed to plead guilty to the burglary charge, and the State agreed to dismiss the other two charges but read them in at sentencing. At the plea hearing, the court entered into a colloquy with Steele. The court asked defense counsel whether he believed that he had sufficient opportunity to discuss the case with Steele and whether he was satisfied that Steele understood the nature of the charge, the elements of the offense, and the effects of his plea. Trial counsel answered affirmatively. In addition to asking Steele if he had thoroughly discussed the case and his decision to plead guilty with his attorney, and if he understood that he was waiving constitutional rights (Steele answered affirmatively to both), the trial court asked Steele:

> And do you also understand that by pleading guilty you are admitting, number one, that you entered a dwelling; number two, you entered intentionally; number three, you entered without the consent of someone in lawful possession of the premises; number four, at the time you entered you intended to commit a felony therein; and, number five, at the time you entered the dwelling you were armed with a dangerous weapon, and you used that dangerous weapon? Do you understand that?

Steele answered these questions affirmatively. The court accepted Steele's guilty plea and sentenced him. Steele filed a postconviction motion to withdraw the

plea. The trial court denied the motion, and Steele appeals.

## ANALYSIS

¶ 4. We review de novo a circuit court's conclusion that a guilty plea was made under constitutionally acceptable circumstances. *State v. Duychak*, 133 Wis. 2d 307, 313, 395 N.W.2d 795 (Ct. App. 1986).

¶ 5. A guilty plea that is not voluntarily, intelligently, and knowingly entered violates fundamental due process, and withdrawal of such a plea is a matter of right. *State v. Nichelson*, 220 Wis. 2d 214, 217, 582 N.W.2d 460 (Ct. App. 1998). We follow a two-step process in determining whether a plea was entered voluntarily, intelligently, and knowingly. *Id.* at 218. We first determine whether the defendant has made a prima facie showing that his or her plea was accepted not in conformity with WIS. STAT. § 971.08[2] or other mandatory duties imposed by the supreme court, and

---

[2] WISCONSIN STAT. § 971.08 states in relevant part:

(1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

(c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."

(d) Inquire of the district attorney whether he or she has complied with s. 971.095 (2).

whether the defendant has properly alleged that he or she did not know or understand information provided at the plea hearing. *Nichelson*, 220 Wis. 2d at 218. If the defendant has made this prima facie showing, the burden then shifts to the State, which must demonstrate by clear and convincing evidence that the defendant's plea was voluntarily, intelligently, and knowingly entered. *Id.* For the State to meet this burden, the record must contain some evidence that the defendant knew and understood the essential elements of the crime. *See id.* at 225.

¶ 6. We first consider whether Steele has made a prima facie showing that the trial court's colloquy did not conform to WIS. STAT. § 971.08. The statute compels the trial court to "[a]ddress the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge." WIS. STAT. § 971.08(1)(a). However, the statute does not explain how a trial court should make that determination. *State v. Bangert*, 131 Wis. 2d 246, 266, 389 N.W.2d 12 (1986).

¶ 7. The supreme court has set forth guidelines for ascertaining a defendant's understanding of the nature of a charge. A defendant must be aware of the essential elements of the crime. *Bangert*, 131 Wis. 2d at 267. The trial court must first inform a defendant of the nature of the charge, or ascertain that a defendant possesses accurate information about the nature of the charge. *Id.* Then, the court must ascertain that a defendant understands the nature of the charge as required by WIS. STAT. § 971.08(1)(a). *Bangert*, 131 Wis. 2d at 267.

¶ 8. The trial court chose to summarize WIS. STAT. § 943.10 during colloquy, in combination with

questioning defense counsel. Steele contends that this summary was inadequate, since he was not specifically informed that the underlying felony for the burglary charge was "felon in possession of a firearm." A plea is not voluntary if the defendant does not understand the essential elements of the charge at the time the plea was entered. *See Bangert*, 131 Wis. 2d at 257–58. In effect, Steele is asserting that the specific nature of the underlying felony is an essential element of the charge. We disagree.

¶ 9. In *State v. Hammer*, 216 Wis. 2d 214, 219, 221, 576 N.W.2d 285 (Ct. App. 1997), we held that a defendant is not entitled to jury unanimity on the underlying felony in a burglary charge. The language of WIS. STAT. § 943.10 emphasizes the fact that the defendant intended to commit a felony; it does not matter which felony forms the basis of that intent. *Hammer*, 216 Wis. 2d at 220. Therefore, § 943.10 sets forth a "single offense with multiple modes of commission," not multiple offenses defined by each possible underlying felony. *Hammer*, 216 Wis. 2d at 220. It follows from our conclusion in *Hammer* that the nature of the particular underlying felony is not an essential element of a burglary charge and therefore need not be explained during colloquy in order to fulfill WIS. STAT. § 971.08(1)(a) requirements.

¶ 10. Because we conclude that the trial court adequately explained the elements of the charge to Steele, we also conclude that its failure to specify the underlying felony was not a defect in the plea proceedings.

¶ 11. It appears from Steele's brief that he is also arguing that his plea was invalid because "felon in

possession of a firearm" cannot be the underlying felony for his burglary charge because it was a continuing offense. He cites no case law to support his contention, but argues that "[i]t is clear that the defendant did not form the intent to go inside the residence and commit the crime of felon in possession of a firearm."

¶ 12. WISCONSIN STAT. § 943.10 proscribes the intentional entry into a dwelling without consent of a person in lawful possession of the dwelling "with intent to . . . commit a felony in such place." The statute is silent as to *when* the intent to commit the felony must be formed, and no Wisconsin case decides this issue.

¶ 13. Other states have recognized that a burglary can be committed when the defendant intends to continue to commit the underlying crime he or she was already committing before the unlawful entrance. In *State v. Williams*, 550 A.2d 1298, 1300–01 (N.J. Super. Ct. App. Div. 1988), a New Jersey appellate court concluded that entry into an apartment was the continuation of an eluding offense, and that did not "alter the fact that [the] defendant entered the apartment for the purpose of committing the crime of eluding," therefore supporting the burglary charge.

¶ 14. In *Britton v. State*, 604 So. 2d 1288, 1290 (Fla. Dist. Ct. App. 1992), a Florida appellate court held that entry into a house with the intent to hide from pursuing officers may constitute burglary, based on its conclusion that "there is no requirement that [the] crime must be one that can be completed solely within fixed limits of [a] particular place, only that [the] crime is intended to be committed there."

¶ 15. NEW J. REV. STAT. § 2C:18–2 (1995) is analogous to the Wisconsin statute in that it defines burglary as the unlawful entering of a building "with purpose to commit an offense therein." FLORIDA STAT.

§ 810.02(1) (2000) is analogous to the Wisconsin statute in that it defines burglary as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein . . . ." Because the language of both the New Jersey and the Florida burglary statutes is similar to WIS. STAT. § 943.10, we are persuaded by the interpretations of those states' courts.[3]

¶ 16. It is also important to note that Steele intended to possess a firearm while he was in the dwelling. Harbour told the police that, when Steele took possession of the shotgun outside the residence, he told Harbour that he was "going to make this asshole leave her alone." This was the purpose for which Steele possessed the firearm. He therefore intended to possess the firearm not only outside the residence, but also while inside the residence.

¶ 17. Based on the language of the statute, persuasive authority, and Steele's comment to Harbour, we conclude that a person commits a burglary when he

---

[3] NEW J. REV. STAT. § 2C:18–2 (1995) states in relevant part:

A person is guilty of burglary if, with purpose to commit an offense therein he:

(1) Enters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the public or the actor is licensed or privileged to enter; or

(2) Surreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so.

FLORIDA STAT. § 810.02(1) (2000) states:

"Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

or she unlawfully enters the premises with the intent to commit a felony while on the premises, regardless of whether the defendant's actions while inside the premises constitute a new crime or the continuation of an existing offense.

¶ 18. Finally, Steele argues that "felon in possession of a firearm" cannot be an underlying felony for a burglary charge because it is not a crime against persons or property. We disagree.

¶ 19. The supreme court has concluded that the legislature intended to include only offenses against persons or property within the felonies that could form a basis for a burglary charge under WIS. STAT. § 943.10. *State v. O'Neill,* 121 Wis. 2d 300, 307, 359 N.W.2d 906 (1984). The purpose of the restriction on a convicted felon's ability to possess a firearm under WIS. STAT. § 941.29[4] concerns public safety. *State v. Thiel,* 188 Wis. 2d 695, 707–08, 524 N.W.2d 641 (1994). The legislature has determined that felons are more likely to misuse firearms. *State v. Coleman,* 206 Wis. 2d 199, 210, 556 N.W.2d 701 (1996).

¶ 20. We have previously concluded that violation of the conditions of a bond is a crime against persons or property, and therefore a valid underlying

---

[4] WISCONSIN STAT. § 941.29 states in relevant part:

(1) A person is subject to the requirements and penalties of this section if he or she has been:

(a) Convicted of a felony in this state.

(b) Convicted of a crime elsewhere that would be a felony if committed in this state.

. . . .

(2) A person specified in sub. (1) is guilty of a Class E felony if he or she possesses a firearm under any of the following circumstances:

(a) The person possesses a firearm subsequent to the conviction for the felony or other crime, as specified in sub. (1) (a) or (b).

felony which can support a burglary charge. *State v. Semrau*, 2000 WI App 54, ¶ 3, 233 Wis. 2d 508, 608 N.W.2d 376, *review denied*, 2000 WI 36, 234 Wis. 2d 176, 612 N.W.2d 733. We based that conclusion on the fact that one purpose of the bail jumping statute is "protecting members of the community from serious bodily harm or preventing intimidation of witnesses." *Id.* at ¶ 33 (quoting WIS. STAT. § 969.01(4)).

¶ 21. Because bail jumping is a crime against persons or property, we are convinced that "felon in possession of a firearm" is as well. The misuse of firearms is at least as likely to bring harm to persons as the intimidation of a witness. Because the legislature has determined that felons are more likely to misuse firearms, *Coleman*, 206 Wis. 2d at 210, public safety is particularly a concern when felons possess firearms. The facts of this case underscore the point: Steele's comment to Harbour strongly suggests that Steele planned to harm Crane when he took possession of the firearm. "Felon in possession of a firearm" is a crime against persons or property, therefore it could validly form the basis for the intent to commit a felony element of a burglary charge.

*By the Court.*——Judgment and order affirmed.