SHIRLEY S. ABRAHAMSON, J. (concurring).
¶21 *274 I agree with the majority that Wis. Stat. § 943.10(1m) identifies a single crime with multiple modes of commission.
¶22 I write separately, however, to address the majority's imprudent, sua sponte decision to modify the legal test adopted by this court in State v. Derango, 2000 WI 89, ¶¶ 14-15, 236 Wis. 2d 721, 613 N.W.2d 833.
¶23 In Derango, this court held that the following four factors should be considered when determining whether the legislature intended to create multiple offenses or a single offense with multiple modes of commission: "1) the language of the statute, 2) the legislative history and context of the statute, 3) the nature of the proscribed conduct, and 4) the appropriateness of multiple punishment for the conduct."[1]
¶24 Subsequently, in State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110, this court limited the circumstances under which legislative history could be consulted in interpreting a statute's meaning. The Kalal court announced that "extrinsic sources of statutory interpretation" such as "items of legislative history" should not be consulted "except to resolve an ambiguity in the statutory language ...."[2] "If the meaning of the statute is plain," the inquiry ordinarily stops and extrinsic sources of statutory interpretation need not be consulted.[3]
*275 ¶25 The majority concludes that "[t]he straightforward language of § 943.10(1m) creates one offense with multiple means of commission."[4] Isn't this ordinarily the end of the inquiry under Kalal?[5]
¶26 The majority attempts to reconcile Derango with Kalal by highlighting that, under Kalal, "legislative history is sometimes consulted 'to confirm or verify a plain-meaning interpretation' " of an unambiguous *554 statute.[6] The majority then examines the legislative history of Wis. Stat. § 943.10(1m) and confirms its "plain-meaning interpretation" that the statute creates a single offense with multiple modes of commission.[7]
¶27 In my view, the majority has muddied that which it sought to clarify. By hastily disposing of a significant legal issue[8] without the benefit of adversarial briefing,[9] the majority has raised more questions than it answered.
¶28 For example, if the "straightforward language" of a statute creates one offense with multiple modes of commission, but the statute's legislative history suggests otherwise, what weight, if any, should be afforded to the legislative history? Under such circumstances, should the court disregard the legislative history altogether?
*276 ¶29 Further, does it remain proper for courts to examine and give analytical weight to Derango's third and fourth factors? That is, if the statute's language is plain and its plain meaning is confirmed by the statute's legislative history and context, what possible effect could the nature of the conduct or the appropriateness of multiple punishments have on the court's analysis?
¶30 These are important and complicated legal questions. The people of Wisconsin deserve careful and considered answers to them, and in my view, "[t]he rule of law is generally best developed when matters are tested by the fire of adversarial briefs and oral arguments."[10] "The fundamental premise of the adversary process is that these advocates will uncover and present more useful information and arguments to the decision maker than would be developed by a judicial officer acting on his own in an inquisitorial system."[11]
*277 ¶31 Because the majority makes the unwise decision to deviate from adversarial process by spontaneously, and incautiously, answering a complicated legal question on its own, I concur.

State v. Derango, 2000 WI 89, ¶ 15, 236 Wis. 2d 721, 613 N.W.2d 833 (emphasis added); see also Manson v. State, 101 Wis. 2d 413, 422, 304 N.W.2d 729 (1981) ; State v. Hammer, 216 Wis. 2d 214, 220, 576 N.W.2d 285 (Ct. App. 1997).

State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶¶ 50-51, 271 Wis. 2d 633, 681 N.W.2d 110.

Kalal, 271 Wis. 2d 633, ¶ 45, 681 N.W.2d 110 (quoting Seider v. O'Connell, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659 ).

Majority op., ¶10.

Kalal, 271 Wis. 2d 633, ¶ 45, 681 N.W.2d 110 (quoting Seider, 236 Wis. 2d 211, ¶ 43, 612 N.W.2d 659 ).

Majority op., ¶12 (quoting Kalal, 271 Wis. 2d 633, ¶ 51, 681 N.W.2d 110 ).

See majority op., ¶¶12-17.

That is, the effect of Kalal on Derango's four-factor test.

Adversarial briefing of legal issues is important for the court to reach a sound decision. Responding to a question at oral argument is unlikely to supply the requisite analytical detail to comprehensively resolve the issue.

Maurin v. Hall, 2004 WI 100, ¶ 120, 274 Wis. 2d 28, 682 N.W.2d 866 (Abrahamson, C.J., & Crooks, J., concurring) (overruled on other grounds by Bartholomew v. Wis. Patients Comp. Fund, 2006 WI 91, 293 Wis. 2d 38, 717 N.W.2d 216 ); see also Springer v. Nohl Elec. Prods. Corp., 2018 WI 48, ¶ 51, 381 Wis. 2d 438, 912 N.W.2d 1 (Abrahamson, J., dissenting); Data Key Partners v. Permira Advisers LLC, 2014 WI 86, ¶ 70, 356 Wis. 2d 665, 849 N.W.2d 693 (Abrahamson, C.J., dissenting).

Adam A. Milani & Michael R. Smith, Playing God: A Critical Look at Sua Sponte Decisions by Appellate Courts, 69 Tenn. L. Rev. 245, 247 (2002) (citing United States v. Burke, 504 U.S. 229, 246, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring)); see also Allan D. Vestal, Sua Sponte Consideration in Appellate Review, 27 Ford. L. Rev. 477, 493-94 (1958-59):
When the appellate court considers a matter sua sponte for the first time it means that the litigants have not been given an opportunity to consider the matter and urge arguments in support of and against the position adopted by the reviewing court. If the question had been raised there is at least a possibility that other facts or other authorities might have been presented which might have changed the court's attitude on the matter.