# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 22, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2305-CR**

Cir. Ct. No. **2017CF227**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MISTER N.P. BRATCHETT,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Fitzpatrick, JJ.

¶1 FITZPATRICK, J. Mister N.P. Bratchett appeals a judgment of conviction for mutilating a body with the intent to conceal a crime, contrary to

WIS. STAT. § 940.11(1) (2015-16),[1] following a jury trial.[2] Bratchett contends that the evidence presented at trial was not sufficient to support his conviction. Bratchett also raises due process arguments. For the reasons explained below, we conclude that the evidence was sufficient to support Bratchett's conviction. We further conclude that Bratchett forfeited any due process arguments he seeks to raise on appeal because those arguments were not made in the circuit court. Accordingly, we affirm.

## BACKGROUND

¶2　　The following facts are not in dispute on appeal.

¶3　　Bratchett was charged with mutilating a corpse with the intent to conceal a crime. *See* WIS. STAT. § 940.11(1).

¶4　　In the morning hours of December 25, 2016, a City of Milwaukee Police Department Detective was dispatched to an alley located in Milwaukee where a burned body was found in the front seat of a burned vehicle. The body found in the car was identified as Brandon Blunt. In the opinion of another police detective who testified at trial, the fire originated in the passenger compartment of the vehicle and had been set intentionally.

¶5　　An autopsy of Blunt's remains revealed that Blunt died before the fire was set from an overdose of what the medical examiner referred to as "acute

---

[1] All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

[2] Bratchett was also convicted of arson of property other than a building, contrary to WIS. STAT. § 943.03. Bratchett does not challenge his conviction for that offense on appeal.

mixed drug (oxycodone, alprazolam) intoxication." According to the medical examiner, the levels of oxycodone and alprazolam found in Blunt's body were more than four times the "average" lethal level.

¶6 The following events leading up to and following Blunt's death were established by testimony at trial.

¶7 On Christmas Eve, Blunt and Bratchett were invited to a house to fix a broken pipe. A gun and a pair of shoes were later reported stolen from that house. After the pipe was repaired, Blunt and Bratchett left and went to a house located on 38th Street in Milwaukee. While at the house on 38th Street, Blunt and Bratchett attempted to sell a gun and a pair of shoes to one of the persons present.

¶8 In the course of the police investigation into the fire, Bratchett gave the police permission to access information contained in his phone. Bratchett's phone contained a video of Blunt that was recorded shortly after 3:00 a.m. on December 25, 2016. According to a police detective who testified at trial, in that video Blunt is "sitting in a chair and he looked like he was intoxicated, and he had a small gun on his lap." The video was played for the jury.

¶9 Bratchett's phone also contained a Google Map account, which showed locations where the phone had been on December 25, 2016. Using information from Bratchett's Google Map account on his phone, the police determined that, on December 25, 2016, Bratchett's phone had been at the following relevant locations in Milwaukee at the following times:

- The house on 38th Street mentioned above starting at 12:18 a.m.

- A BP gas station on 76th Street at 6:31 a.m.

- Near the intersection of Capitol Drive and 54th Street (the scene of the car fire) from 7:10 to 7:18 a.m.

- Bratchett's mother's house starting at 7:23 a.m.

¶10    A surveillance video obtained from the 76th Street BP gas station showed that, at approximately 6:30 a.m. on December 25, 2016, a black four-door vehicle pulled up to pump number 3. A male exited the driver's seat of the vehicle, entered the station, and spoke with the attendant who directed the man to a shelf containing gasoline cans. The man purchased a can and prepaid for $5.00 in gasoline at pump number 3. The man then put gasoline into the can. The man depicted in the video was wearing a dark colored Adidas sweatshirt, brown hat, white gloves, and dark pants. A photo found on Bratchett's phone showed Bratchett wearing the same clothing as the man depicted in that surveillance video.

¶11    On January 6, 2017, police executed a search warrant at the 38th Street house. Bratchett had been living at the house on 38th Street until approximately one week before Blunt's death. According to a police detective, in the course of the search of the house, the police found "tools of drug dealing," as well as crack cocaine and marijuana. In addition, over 600 pills of different types, including oxycodone and alprazolam, were recovered from the house on 38th Street. Mail addressed to Bratchett at the 38th Street house address was found inside the house, as well as a prescription for ninety oxycodone pills that was in Bratchett's name and was dated for two days *after* the search.

¶12    During closing arguments, the prosecution argued that Bratchett burned Blunt's body with the intent to conceal the theft of a gun and a pair of shoes and further argued that Bratchett burned Blunt's body with the intent to conceal other crimes. More specifically, the State argued:

> [W]e know there's a theft in the background of this mess, and we know that there's drugs in the background of this mess, and we know that the 38th Street [house] is nothing but a drug house full of pills and with the pills in the backpack is the defendant's forward dated prescription for 10 milligram oxycodone, which is one of the drugs that [] Blunt [overdosed] on….
>
> And I think that it's a reasonable and a rationale [sic] conclusion to draw that the reason he did it was because he was trying to disguise the drugs in [Blunt's] system and try to end up fooling the medical examiner into thinking that [] Blunt perhaps was simply burned in the car alive and not had died of a drug overdose.

¶13 The jury found Bratchett guilty and a judgment of conviction was entered against him. Bratchett appeals.

## DISCUSSION

¶14 As noted, Bratchett contends that the evidence at trial was insufficient to prove beyond a reasonable doubt that he mutilated Blunt's corpse with the intent to conceal a crime. *See* WIS. STAT. § 940.11(1). Bratchett also raises due process arguments. Below, we summarize the applicable authorities and then address the parties' contentions.

### I. Applicable Authorities.

¶15 The State bears the burden of proving each essential element of a crime charged beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). A finding of guilt may rest upon direct evidence or evidence that is entirely circumstantial. *Id.* at 501-02.

¶16 When reviewing whether the evidence at trial was sufficient to support a conviction, "an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and

the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *Id.* at 507. If there is any possibility that the jury could have drawn the appropriate inferences from the evidence at trial to find guilt, this court must uphold the conviction even if this court believes the trier of fact should not have found guilt based on the evidence before it. *Id.*

¶17     It is the task of the trier of fact, not this court, to determine what evidence is worthy of belief, to resolve any conflicts in the evidence, to weigh the evidence, and to draw reasonable inferences from the facts. *Id.* at 506; *State v. Below*, 2011 WI App 64, ¶4, 333 Wis. 690, 799 N.W.2d 95. "When more than one inference can reasonably be drawn from the evidence, the inference which supports the trier of fact's verdict must be the one followed on review unless the evidence is incredible as a matter of law." *Below*, 333 Wis. 2d 690, ¶4. This standard is the same regardless of whether the verdict is based on direct or circumstantial evidence. *Id.*

## II.  The Evidence at Trial Was Sufficient to Support Bratchett's Conviction.

¶18     To establish that Bratchett was guilty of violating WIS. STAT. § 940.11(1), the State was required to prove that:  (1) Bratchett mutilated a corpse; and (2) that Bratchett did so with the intent to conceal a crime. *See id.*  On appeal, Bratchett does not dispute that the State proved the first element – that he mutilated Blunt's corpse; in other words, Bratchett started the fire in the car containing Blunt's body.  Bratchett argues that the State's evidence did not sufficiently prove the second element – that his intent was to conceal a crime.

¶19     At trial, the State did not identify one specific crime that the State maintained Bratchett burned Blunt's body to conceal.  Instead, the State argued to

the jury that Bratchett burned Blunt's corpse to conceal at least one of the following three crimes:[3]  (1) delivery of a controlled substance to Blunt in violation of WIS. STAT. § 961.41(1)(a) or (i); (2) theft of a gun and a pair of shoes in violation of WIS. STAT. § 943.20; and (3) reckless homicide by providing Blunt with a lethal dose of a controlled substance in violation of WIS. STAT. § 940.02(2)(a).[4]  We focus our analysis on whether the evidence adduced at trial was sufficient for the jury to conclude that Bratchett burned Blunt's body to conceal the crime of delivery of a controlled substance, and we conclude that the evidence was sufficient.  *See* § 961.41(1)(a) or (i).[5]

¶20    Bratchett first argues that the evidence at trial was insufficient to prove that he burned Blunt's body to conceal the crime of delivery of a controlled substance because, according to Bratchett, no reasonable person would believe that burning Blunt's body would, in fact, conceal that crime.  Bratchett's contention reads into the second element of the crime a requirement that the jury presume Bratchett was thinking logically and rationally at the time he burned Blunt's corpse.  There is no such requirement in WIS. STAT. § 940.11(1).  There is only a requirement that there be an intent, however ill-conceived or irrational, to conceal a crime.

---

[3]  Of note is that WIS. STAT. § 940.11(1) does not require the State to prove that Bratchett had the intent to conceal a crime *Bratchett* committed.  The elements of § 940.11(1) only require that the intent is to conceal "a crime" committed by someone.

[4]  The parties do not dispute that the oxycodone and alprazolam found in Blunt's body are "controlled substances" under Wisconsin law.

[5]  On appeal, the State argues that Bratchett intended to conceal additional crimes that were not raised before the jury.  Bratchett argues in reply that the State may not rely on those crimes.  We do not address this issue because our determination in this opinion is dispositive.  *See Cholvin v. DHFS*, 2008 WI App 127, ¶34, 313 Wis. 2d 749, 758 N.W.2d 118 (stating that, if a decision on one point is dispositive, we need not decide other issues raised).

¶21     Next, Bratchett argues that no reasonable fact finder could infer from the evidence that he intended to conceal a crime by burning Blunt's corpse. Evidence of intent may be circumstantial, *see* ***State v. Drusch***, 139 Wis. 2d 312, 326, 407 N.W.2d 328 (Ct. App. 1987), and may be inferred from the defendant's "conduct and inferences fairly deducible from the circumstances." ***State v. Lunz***, 86 Wis. 2d 695, 705, 273 N.W.2d 767 (1979). Indeed, WIS JI—CRIMINAL 1193, the jury instruction related to WIS. STAT. § 940.11(1), told the jury that intent was to be found from Bratchett's "acts, words, and statements, if any, and from all the facts and circumstances in this case bearing upon intent." We agree with the State that a jury, taking into account the type and quantity of controlled substances found at the 38th Street house, Bratchett's presence at the house on December 25, 2016, the events surrounding Blunt's death by overdose, and the apparently invalid prescription for oxycodone in Blunt's name, could reasonably infer that Bratchett burned Blunt's body with the intent to conceal the crime of delivery of a controlled substance.

¶22     Accordingly, we conclude that the evidence was sufficient to support Bratchett's conviction.[6]

---

[6] The State was required to prove that Bratchett burned Blunt's body to conceal at least one crime. Our conclusion that the State presented sufficient circumstantial evidence to prove that Bratchett burned Blunt's body to conceal the crime of delivery of a controlled substance is therefore dispositive of Bratchett's sufficiency of the evidence challenge. Accordingly, we do not address the parties' arguments as to whether the evidence was sufficient to prove that Bratchett burned Blunt's body to conceal other crimes. *See id.*

### III. Bratchett's Due Process Arguments.

¶23    Bratchett argues that his conviction for violating Wis. Stat. § 940.11(1) "raises Due Process concerns."  First, Bratchett questions how he was supposed to defend himself "if he is uncertain if the State is claiming that he acted with intent to conceal the theft … or the presence or possession of drugs at [the 38th Street house], or a homicide of Mr. Blunt?"  Second, Bratchett argues that § 940.11(1) and Wis JI—Criminal 1193 left the jury to speculate as to what crime he sought to conceal and what conduct might have concealed that crime.

¶24    In his brief-in-chief in this court, Bratchett concedes that his trial counsel did not raise the purported due process concerns in the circuit court.  As a result, the State asserts that Bratchett has forfeited any due process challenge on appeal.  *See State v. Huebner*, 2000 WI 59, ¶¶10-11, 235 Wis. 2d 486, 611 N.W.2d 727 (stating that issues must be preserved at the circuit court and issues that are not, even alleged constitutional errors, are generally not considered on appeal).  Bratchett does not dispute the State's forfeiture argument.  A proposition asserted by a respondent (here, the State) on appeal and not disputed by the appellant (here, Bratchett) in reply may be taken as admitted.  *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994).  Accordingly, we

conclude that Bratchett has forfeited any due process arguments he attempts to make on appeal, and we do not reach those issues.[7]

## CONCLUSION

¶25 For the foregoing reasons, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.

---

[7] Even if Bratchett had properly preserved for appeal his due process arguments, we question the basis for Bratchett's contentions. As argued by the State, a defendant convicted of a violation of WIS. STAT. § 940.11(1) is not denied the right to a unanimous verdict because the jurors are not required to agree on what crime the defendant intended to conceal. *See State v. Hammer*, 216 Wis. 2d 214, 217-20, 576 N.W.2d 285 (Ct. App. 1997) (concluding that where a defendant was charged with burglary with intent to commit "a felony," the jury had to agree that the defendant intended to commit a felony, but did not have to agree on what particular felony the defendant intended to commit).