STATE of Wisconsin,
Plaintiff-Respondent,

v.

Christopher F. BECKER,
Defendant-Appellant.†

Court of Appeals

*No. 2007AP2941–CR. Oral argument December 2, 2008.
—Decided April 8, 2009.*

2009 WI App 59

(Also reported in 767 N.W.2d 585.)

† Petition to review denied 6/17/09.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Diana M. Felsmann*, assistant state public defender of Milwaukee. There was oral argument by *Jeremy Perri*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Becker*, assistant attorney general, and *J.B. Van Hollen*, attorney general. There was oral argument by *Marguerite Moeller*, assistant attorney general.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. Christopher F. Becker was convicted of two counts of first-degree sexual assault of a child. He filed a postconviction motion alleging that the manner in which the trial court responded to a jury question deprived him of a unanimous jury verdict on both counts. The motion was denied. Becker appeals both his conviction and the denial of his postconviction motion, claiming that the trial court erroneously exercised its discretion when it inaccurately responded to a critical jury question and that he was deprived of his right to effective assistance of counsel when his trial counsel failed to object to the trial court's incomplete and misleading answer to that jury question. We affirm the judgment and order.

¶ 2. Becker was charged with and convicted of two counts of first-degree sexual assault of a child, in violation of Wis. Stat. § 948.02 (1) (2003–04).[1] In the complaint, it was made clear that the two counts were based on two acts allegedly committed by Becker- : first, his touching of the victim's vagina; second, his allowing or causing the victim to touch his penis.

¶ 3. In the information, the two counts were charged in identical language. In its instruction to the

---

[1] Becker was also charged with one count of child enticement in violation of Wis. Stat. § 948.07(1), but was acquitted of that offense.

All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

jury, the trial court repeated the identical charges made in Count 1 and Count 2 of the Information.

The first Count in the Information in this case charges that on or between June 1, 2003, and August 1, 2003, the defendant had sexual contact with a child under the age of 13 . . . .

To this charge the defendant has entered a plea of not guilty, which means the State must prove every element of the offense charged beyond a reasonable doubt.

The second Count of the Information charges that on or between June 1, 2003, and August 1, 2003, the defendant had sexual contact with a child under the age of 13 . . . .

To this charge the defendant has also entered a plea of not guilty, which means that the State must prove every element of the offense charged beyond a reasonable doubt.

¶ 4. The trial court then instructed on the two offenses charged:

First degree sexual assault of a child, as defined in the Criminal Code of Wisconsin, is committed by one who has sexual contact with a person who has not attained the age of 13 years.

Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

1. The defendant had sexual contact with [the alleged victim].

2. [The alleged victim] was under the age of 13 years at the time of the alleged sexual contact. Knowl-

edge of [the alleged victim's] age is not required; and mistake regarding her age is not a defense.

Consent to sexual contact is not a defense.

Sexual contact is an intentional touching by the defendant of the vagina of [the alleged victim]. The touching may be of the vagina directly or it may be through clothing. The touching may be done by any body part or by any object, but it must be intentional touching.

Sexual contact also requires that the defendant acted with intent to become sexually aroused or gratified.

Sexual contact also is an intentional touching by [the alleged victim] of the penis of the defendant, if the defendant intentionally caused or allowed [the alleged victim] to do that touching. The touching maybe [sic] of the penis directly or it maybe [sic] through the clothing.

Sexual contact also requires that the defendant acted with intent to become sexually aroused or gratified.

¶ 5. The last four paragraphs of the foregoing instructions on the charged sexual assaults identified Becker's two acts of sexual contact with the victim that underlie the two charged counts. However, they failed to tie a particular act to a particular count. The verdict forms, likewise, did not tie a particular act of sexual contact to a particular count. The verdict on Count 1 provided:

We, the jury, find the defendant, Christopher F. Becker, guilty of, on or between June 1, 2003 and August 1, 2003, at the Village of Germantown, having sexual contact with a child under the age of thirteen . . .

102

contrary to § 948.02(1), Wis. Stats., as charged in the first count of the information.

The verdict on Count 2 provided:

> We, the jury, find the defendant, Christopher F. Becker, guilty of, on or between June 1, 2003 and August 1, 2003, at the Village of Germantown, having sexual contact with a child under the age of thirteen . . . contrary to § 948.02(1), Wis. Stats., as charged in the second count of the information.

¶ 6. The jury sent the following question to the judge during deliberations:

> Does count one and count two correspond to the specific events? i.e., is one the vaginal contact and two the penis contact?

¶ 7. After consulting with counsel, and obtaining both sides' approval of the response, the trial court sent the jury the following written response to its question:

> The answer is "No".
>
> The Judge.

¶ 8. It is the "No" answer to the jury's question that triggers both of Becker's contentions on appeal. He first argues that the trial court erroneously exercised its discretion in responding to the jury's question in the manner it did. He argues second that his trial attorney rendered ineffective assistance of counsel in failing to object to the trial court's response to the jury's question.

¶ 9. While the trial court may have had reason for answering the jury's question in the manner it did,[2] it does appear, and the State concedes, that the answer

---

[2] The State suggests that the trial court answered the question in the manner it did because it was concerned that if it

may have compounded a potential problem that was already present as a result of (a) the two charges of sexual assault of a child made in the first two counts of the information, (b) the jury instructions on those two counts, and (c) the verdict forms for those two counts, all of which failed to tie a particular act of sexual contact to a particular count. This potential problem was recognized in *State v. Marcum*, 166 Wis. 2d 908, 480 N.W.2d 545 (Ct. App. 1992): the possibility that the jury might return a non-unanimous verdict on the nonspecific counts.

¶ 10. Before we proceed to our analysis, we make the following edifying clarifications. This entire issue could have been avoided if the State had not put it in play with its sloppy draftsmanship. In the complaint and information, the district attorney did not tie the specific act of Becker touching the victim's vaginal area to a specific count; nor did he tie the specific act of Becker allowing or causing the victim to touch his penis to a separate, specific count. Where a defendant, such as Becker, is charged with multiple acts violating a criminal statute, the district attorney should tie a specific act to each count in the case. The complaint and/or information should then specify in each count the specific act to which it applies. This should also be done if there are multiple acts occurring at different times or on different days. If the district attorney fails to charge with particularity, defense counsel should bring a motion to make the complaint and/or information more definite and certain. Finally, the trial court should not

tied a particular act of sexual contact to a particular count, the jury might conclude from the numbering of the counts that the act tied to Count 1 had to have occurred first and the act tied to Count 2 had to have occurred second.

overlook sloppy charging by the State. Rather, regardless of the State's lack of care, the trial court should take great care to not give generic, nonspecific instructions or verdict forms to the jury. Having conveyed, with particularity, how to avoid this problem in the future, we continue with our analysis.

¶ 11. In *Marcum*, we found a unanimity problem that arose out of the manner in which three of the charged counts were handled. *Id.* at 923. Like Counts 1 and 2 here, Counts 4, 5, and 6 in *Marcum* were charged in identical language. *See id.* at 913.

¶ 12. At the trial in *Marcum*, the State introduced evidence that the defendant had hand-to-vagina, hand-to-breast, penis-to-vagina, and penis-to-mouth contact with the child-victim. *Id.* at 914. As in Becker's case, the jury instructions in Marcum's case for certain counts did not tie any particular type of contact to any particular count. *See id.* at 915. Also, as in Becker's case, the verdict forms for these counts were identically worded. *See id.*

¶ 13. In *Marcum*, the jury returned a guilty verdict on Count 6, one of the three identically worded counts, but not on the other two (Counts 4 and 5). *Id.* On appeal, we reached the issue of unanimity under Marcum's claims of ineffective assistance of counsel. *Id.* at 916. We concluded that Marcum's trial counsel was deficient for failing to object to the verdict forms and that Marcum was prejudiced by his counsel's deficient performance, given that Marcum's due process rights were violated by the lack of verdict specificity. *Id.* at 924–25. We explained:

> The standard instruction when applied to unspecific verdicts, as in this case, left the door open to the possibility of a fragmented or patchwork verdict. For

instance, there was nothing to prevent three jurors from thinking there was hand-to-vagina contact, three thinking hand-to-breast contact, three thinking penis-to-vagina contact, and three thinking penis-to-mouth contact when they agreed to find him guilty of count six. Yet, those same acts could already have formed the basis for the jurors' agreement to find Marcum not guilty of counts four and five. Such an outcome would violate the due process requirement that the prosecution prove each essential element of the offense beyond a reasonable doubt. *Holland v. State*, 91 Wis. 2d 134, 138, 280 N.W.2d 288, 290 (1979), *cert. denied*, 445 U.S. 931, 100 S. Ct. 1320, 63 L.Ed.2d 764 (1980). It is this which the unanimous jury requirement is designed to protect. *See id.*

*Marcum*, 166 Wis. 2d at 920. We remanded to the trial court with directions to enter a judgment of dismissal with prejudice regarding Count 6. *Id.* at 925.

¶ 14. In Becker's appeal, he invokes the potential problem that *Marcum* identifies: the possibility that the jury's verdicts would not be unanimous—a possibility that was initially opened by the failure of the information, the instructions, and the verdicts to tie a particular act of sexual contact to a particular count.

██

¶ 15. Nevertheless, we must agree with the State and hold that Becker waived his argument that the trial court erroneously exercised its discretion in answering the jury's question in the manner it did. At the time the trial court announced its intention to provide the challenged answer to the jury's question, Becker's trial counsel did not object to it. Indeed, he appears to have expressly "okayed" it:

[Court] Does Count 1 and Count 2 correspond to the specific events? Wait a second. The answer is

simple. No. Count 1 and Count 2 don't correspond to the specific event; and the answer is no.

[State] That is correct.

[Defense Counsel] Okay.

[Court] Okay. I'll just—

No. I'm just going to write the answer out. I'm not going to bring them in.

[Defense Counsel] Right. I don't think you need to bring them down. Thank you.

¶ 16. In *Marcum*, we emphasized that "the court of appeals is prohibited from reviewing instructions and verdict forms absent a timely objection by the defendant." *Id.* at 916 (citing *State v. Schumacher*, 144 Wis. 2d 388, 409, 424 N.W.2d 672 (1988)). There, Marcum's appeal rested on claimed errors in the jury instructions and verdict. *Marcum*, 166 Wis. 2d at 915. Marcum's attorney explicitly stated that he agreed with the proposed substantive jury instructions. *Id.* One of these instructions was the standard jury instruction on unanimity. *Id.* Concerning the proposed verdicts, it is true that Marcum's attorney initially expressed concern that the verdicts were not specific as to date or time frame. *Id.* Yet, after the trial court inserted the month and year into each count, Marcum's attorney did not seek to distinguish the identical counts. *Id.* He never phrased his objection in terms of a failure of the verdict forms to specify what particular act went with what verdict. *Id.* We ruled that we could not review whether the trial court erred in giving the instructions and verdict forms because Marcum did not raise an adequate or timely objection. *Id.* at 916.

¶ 17. Here, the answer the trial court gave to the jury's question regarding its instruction became part of its instruction to the jury. Thus, as in *Marcum*, this appeal rests on claimed errors in the jury instructions. *See Marcum*, 166 Wis. 2d at 915. And, like Marcum, Becker has a timing issue with his objection. Because Becker's objection came too late; we will not review the instruction to the jury "in the context of whether the trial court erred." *See id.* at 916.

██

¶ 18. However, although Becker cannot obtain direct review of whether the trial court erred in answering the jury's question in the manner it did, "instructions and verdict forms may be revisited under claims of ineffective assistance of counsel." *See id.* We therefore reach this issue in addressing Becker's second claim.

█

¶ 19. In his second claim, Becker argues that his trial attorney provided ineffective assistance in failing to object to the answer the trial court gave to the jury's question. Whether a lawyer rendered ineffective assistance is a mixed question of law and fact. *State v. Manuel*, 2005 WI 75, ¶ 26, 281 Wis. 2d 554, 697 N.W.2d 811. The trial court's findings of fact will be upheld unless they are clearly erroneous. *Id.* Whether the defendant's proof satisfies either the deficient performance or the prejudice prong is a question of law that we review without deference to the trial court's conclusions. *Id.*

¶ 20. To prove deficient performance, a defendant must show specific acts or omissions of counsel that were "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A lawyer's performance is not deficient unless he or she "made errors so serious that counsel

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To demonstrate prejudice, the defendant must show that there is: "[A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Love,* 2005 WI 116, ¶ 30, 284 Wis. 2d 111, 700 N.W.2d 62.

¶ 21. A defendant claiming ineffective assistance of counsel must prove both that his lawyer's representation was deficient and that he suffered prejudice as a result of that deficient performance. *Strickland,* 466 U.S. at 687; *Love,* 284 Wis. 2d 111, ¶ 30. If we conclude that the defendant has not proven one prong of this test, we need not address the other. *Strickland,* 466 U.S. at 697.

¶ 22. In *Marcum,* the defendant prevailed on his ineffective assistance of counsel claim because we held that he was prejudiced by his counsel's failure to make a timely objection to the jury instructions and verdict. *Marcum,* 166 Wis. 2d at 924. As noted earlier, the *Marcum* jury returned a combination of verdicts, two acquittals and one guilty, making it impossible to know if all twelve jurors agreed that Marcum committed the same act in the count where there was a guilty verdict. *See id.* at 920. For example, "there was nothing to prevent three jurors from thinking there was hand-to-vagina contact, three thinking hand-to-breast contact, three thinking penis-to-vagina contact, and three thinking penis-to-mouth contact when they agreed to find [Marcum] guilty of count six. Yet, those same acts could already have formed the basis for the juror's agreement to find Marcum not guilty of counts four and five." *Id.* We held that "[s]uch an outcome would violate

the due process requirement that the prosecution prove each essential element of the offense beyond a reasonable doubt." *Id.* It is this which the unanimous jury requirement is designed to protect. *Id.*

■

¶ 23. Unlike the defendant in *Marcum*, Becker was not prejudiced by his counsel's failure to make a timely objection to the jury instructions, and thus does not prevail on this claim. *See id.* at 924. Unlike the *Marcum* jury, the jury here did not return a combination of acquittal and guilty verdicts; rather, it convicted Becker on both counts in question, returning two verdicts of guilty. *See id.* at 920. This eliminates the risk that the jury was not unanimous and, thus, does not give rise to prejudice by offending the unanimous jury requirement. The unanimity of the jury is accurate even if the jurors, as a result of the trial court's answer to their question, did not all agree on which act should be assigned to which count.

¶ 24. Moreover, the jury was explicitly told that "[e]ach Count charges a separate crime and you must consider each one separately." We agree with the State that no reasonable juror could hear that instruction and conclude that he or she could predicate both guilty verdicts on the same act. Thus, when all the jurors agreed that Becker was guilty of both counts, they unanimously agreed beyond a reasonable doubt that he had committed both of the acts of sexual assault charged: the act of touching the victim's vaginal area and the act of allowing or causing the victim to touch his penis. How each individual juror assigned the two acts between the two counts made no difference; for however each juror assigned them, each juror could not

find Becker guilty of both counts without concluding beyond a reasonable doubt that Becker engaged in both acts charged.

¶ 25. Becker attempts to defuse the above conclusion by asserting that under the evidence adduced at trial, the jury was not presented with two acts of sexual assault, but rather three acts of sexual assault: two acts of touching the victim's vaginal area and one act of allowing or causing the victim to touch Becker's penis. Becker bases this claim on the victim's testimony. We are not persuaded. Instead, we agree with the State that, at most, testimony reveals two acts with respect to which the chronological order was not entirely clear. The victim first described Becker's touching of her vaginal area. She then described Becker allowing or causing her to touch his penis. After both sexual contacts were individually described, the prosecutor attempted to establish the chronological order of the two assaults with the following questions:

Q Okay. Now, [], did Christopher touch your bottom first or did you touch his bottom first?

A I think I touched his first.

Q And when you finished washing your hands did you go back into the living room to watch Treasure Planet?

A Yes.

Q And is that where Christopher was touching your bottom?

A Yes.

¶ 26. Nowhere in her testimony did the victim describe a second touching of her vaginal area. Nowhere during the course of the trial—not in opening

statements, not in the other evidence adduced, not in closing arguments, and not in the instructions—was there any suggestion that Becker touched the victim's vaginal area two times. Quite the contrary, the prosecutor's opening statement stated that the two acts of sexual contact Becker engaged in were his touching of the victim's vaginal area and his allowing or causing the victim to touch his penis. Further, the jury instructions, by defining sexual contact as including both Becker's touching the victim's vagina and Becker allowing or causing the victim to touch his penis, communicated that one of the counts was predicated on Becker's touching the victim's vaginal area and the other on the victim touching Becker's penis.

¶ 27. Becker was not prejudiced by his trial counsel's failure to object to the trial court's answer to the jury's question. Even if an objection had been made and the trial court had given a unanimity instruction, tying a particular act of sexual contact to a particular count, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Love*, 284 Wis. 2d 111, ¶ 30. Given the jury's guilty verdicts on both counts, it is inconsequential as to which type of touching was tied to which count by the individual jurors because the jurors unanimously agreed that Becker was guilty beyond a reasonable doubt of both a sexual assault consisting of his touching the victim's vaginal area and a sexual assault consisting of him allowing or causing the victim to touch his penis. Our confidence in the outcome is not undermined. *See id.*

*By the Court.*—Judgment and order affirmed.